In the Matter of the Estate of THOMAS DONNELLY, Deceased.

Surrogate's Court, Queens County, May 16, 1933.

*Christmann, McKeon & Hess*, for the petitioners.

*William T. Harris*, for the contestants.

HETHERINGTON, S. The jury has found in favor of probating the will and rightly so on the evidence; had it reported otherwise the surrogate would have set aside its findings. A sealed verdict was ordered when at the close of the court day the jury had not

agreed, and announcement to that effect was made in open court; it is my impressiom that counsel or counsel's representatives were present when such announcement was made, and no objection was heard thereto. Some of the jurors were excused after reaching a verdict and were not present when such verdict was opened and recorded next morning at the opening of court. Counsel for contestant on discovery of the absence of some of the jurors asked that the jury be polled and now moves to set aside the verdict because he was unable so to do.

The sealed verdict was duly signed in proper form by all the jurors and it is unlikely that it would have been changed on a poll. In any event, no good could result in disturbing it now for it was the only consistent verdict which could have been received. The objections to the will were mainly that testator was inebriate, yet just prior to its execution testator had brought in the trolley car which he had been operating through the busy streets of Brooklyn without mishap or trouble of any kind, had laid it up in the car barn in its accustomed place and then proceeded to the checker's office and executed his will, from which it clearly appears that he was sober, in full possession of his faculties and knew what he was doing. Motion denied.